IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. |
| v. | ) |
| EAST PHILADELPHIA FURNITURE SERVICES, INC., | ) |
| Defendants. | ) |

**COMPLAINT FOR FAILURE TO HONOR FEDERAL TAX LEVY**

The United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this civil action to impose liability on East Philadelphia Furniture Services, Inc. for its failure to honor an Internal Revenue Service levy served upon it, and to collect a penalty equal to 50% of the amount that may be recovered from East Philadelphia Furniture in this action because its failure to honor the levy was without reasonable cause.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 6332(d) and 7402(a).

2. Venue is proper in this district under 28 U.S.C. § 1396.

**PARTIES**

3. Plaintiff is the United States of America.

1

4.      Defendant East Philadelphia Furniture Services, Inc. is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania, within the jurisdiction of this Court.

## BACKGROUND

### The Delinquent Taxpayer

5.      During the taxable quarters ending December 31, 2005, and March 31, 2007 through December 31, 2007 (the "relevant tax periods"), William P. Reddington, Jr. owned and operated Mercury Transport, Inc.

6.      During the relevant tax periods, Reddington was a person who was responsible for collecting, truthfully accounting for, and paying over to the United States the federal income, Medicare, and social security taxes withheld from the wages of the employees of Mercury Transport. Reddington also controlled the finances of Mercury Transport, and determined which of its creditors would be paid, and when they would be paid.

7.      During the relevant tax periods, the federal withholding taxes were not collected, truthfully accounted for, and paid over to the United States.

8.      During the relevant tax periods, Reddington willfully failed to collect, truthfully account for, and pay the withholding taxes over to the United States. Reddington used the taxes that he withheld from his employees' wages to pay operating expenses for the business.

9.      A delegate of the Secretary of the Treasury made the following trust fund recovery penalty assessments under 26 U.S.C. § 6672 against Reddington:

| Tax Period Ending | Date of Assessment | Amount of Assessment | Outstanding Balance as of 6/25/2018 |
|---|---|---|---|
| 12/31/2005 | 12/29/2008 | $158,232.85 | $203,687.18 |
| 3/31/2007 | 12/29/2008 | $43,942.53 | $60,675.39 |
| 6/30/2007 | 12/29/2008 | $44,627.24 | $29,699.13 |
| 9/30/2007 | 12/29/2008 | $41,513.05 | $57,276.86 |
| 12/31/2007 | 12/29/2008 | $40,230.32 | $55,478.00 |
| **Total Amount Due** | | | **$406,816.56** |

10. A delegate of the Secretary of the Treasury gave Reddington notice and demand for payment of the tax assessments described in paragraph 9, above.

11. Statutory interest and penalties have accrued, and will continue to accrue on the unpaid balance of the assessments set forth in paragraph 9, above, according to law.

12. Despite notice and demand for payment, Reddington has failed to pay the United States the full amount of the assessments and the statutory additions to tax assessed against him described in paragraph 9, above.

13. By reason of the foregoing tax assessments, Reddington is indebted to the United States in the amount of $406,816.56 as of June 25, 2018, plus statutory additions to tax that will continue to accrue on the unpaid balance until paid in full.

14. On the dates of the assessments described in paragraph 9, above, tax liens in favor of the United States arose by operation of law under 26 U.S.C. §§ 6321 and 6322, and attached to all property and rights to property owned by Reddington.

**The Internal Revenue Service Serves a Continuous Levy on East Philadelphia Furniture**

15. At all times relevant to Counts I and II, below, Reddington was an employee of East Philadelphia Furniture who drew a salary and/or wages from the business.

16. On January 24, 2017, the Service served a Notice of Levy on Wages, Salary, and Other Income (IRS Form 668-W) on East Philadelphia Furniture. A true and accurate copy of the Notice of Levy is attached as Exhibit A, and incorporated herein by reference.

17. The Notice of Levy identified Reddington as the taxpayer with unpaid federal tax liabilities for the tax periods listed in paragraph 9, above. The Notice of Levy explicitly required East Philadelphia Furniture to turn over Reddington's "wages and salary that have been earned but not paid, as well as wages and salary earned in the future until this levy is released." Ex. A.

**East Philadelphia Furniture Fails or Refuses to Honor the Levy**

18. East Philadelphia Furniture failed or refused to comply with the levy referenced in paragraph 16, above.

19. After it was served with the Notice of Levy, East Philadelphia Furniture was required to begin remitting $619.51 in weekly levy payments to the Service. However, no payments were received by the Service in response to the Notice of Levy.

20. East Philadelphia Furniture disregarded the Notice of Levy, and continued to pay Reddington his wages and/or salary in full.

21. On March 23, 2017, an IRS employee hand delivered a Final Demand for Payment (IRS Form 668-C) to John McDaniel, the owner of East Philadelphia Furniture. A true and accurate copy of the Final Demand for Payment is attached as Exhibit B, and incorporated herein by reference.

22. East Philadelphia Furniture made one levy payment in April 2017, but then failed to make any further levy payments.

23. McDaniel met with an IRS employee, pursuant to a Summons, on or about November 18, 2017 regarding East Philadelphia Furniture's failure to honor the levy.

24. East Philadelphia Furniture then began making weekly levy payments in December 2017.

25. From December 14, 2017 to March 9, 2018, the levy payments East Philadelphia Furniture made to the Service were insufficient in amount. The payments ranged from $81.96 to $200.00, substantially less than the required $619.51.

26. Counsel for the Internal Revenue Service sent East Philadelphia Furniture a letter on or about February 27, 2017, explaining that the amounts of the levy payments were insufficient, and therefore not in compliance with the Notice of Levy. In the letter, the Service expressly warned East Philadelphia Furniture that it would request and authorize the filing of a civil action under Section 6332(d) of the Internal Revenue Code if East Philadelphia Furniture failed to honor the Notice of Levey in all respects.

27. East Philadelphia Furniture began making the required $619.51 levy payments to the Service on or about March 15, 2018.

28. East Philadelphia Furniture has not remitted the full amount of the levy payments that should have been made to the Service between January 24, 2017 and March 15, 2018.

### COUNT I – FAILURE TO HONOR LEVY

29. The United States incorporates paragraphs 1 through 28 by reference, as if fully set forth herein.

30. Despite service of the Notice of Levy and demands for payment, East Philadelphia Furniture has failed or refused to turn over to the United States all of the property or rights to property of Reddington that were subject to the levy, including salary, wages, or other income.

31. Internal Revenue Code Section 6332(d)(1) provides that any person failing or refusing to surrender property or rights to property subject to levy shall be liable in a sum equal to the value of the property or rights to property not so surrendered to the United States, but not exceeding the amount of taxes for the collection of which such levy was made. 26 U.S.C. § 6332(d)(1).

32. Because of its failure or refusal to honor, in all respects, the Notice of Levy served upon it, East Philadelphia Furniture is liable to the United States in the amount of $32,800.78, plus statutory interest according to law.

### COUNT II – PENALTY FOR FAILURE TO HONOR LEVY WITHOUT REASONABLE CAUSE

33. The United States incorporates paragraphs 1 through 32 by reference, as if fully set forth herein.

34. Internal Revenue Code Section 6332(d)(2) provides that if the person's failure or refusal to surrender property or rights to property subject to levy was without reasonable cause, then the person shall be liable for a penalty equal to 50 percent of the amount recoverable under Section 6332(d)(1). 26 U.S.C. § 6332(d)(2).

35. East Philadelphia Furniture's failure or refusal to surrender Reddington's property or rights to property subject to levy was without reasonable cause.

36. Because East Philadelphia Furniture acted without reasonable cause, it is liable for a penalty in the amount of $16,400.39, or 50% of the amount recoverable under Section 6332(d)(1) as set forth in Count I, above, plus statutory interest according to law.

### PRAYER FOR RELIEF

WHEREFORE, the United States of America respectfully prays that the Court:

      A.      As to Count I, adjudge, determine, and decree that East Philadelphia Furniture is liable to the United States for its failure to fully honor the Internal Revenue Service levy served upon it with respect to the unpaid trust fund recovery penalties assessed against Reddington;

      B.      Also as to Count I, enter judgment in favor of the United States and against East Philadelphia Furniture in the amount of $32,800.78, plus statutory interest according to law;

      C.      As to Count II, adjudge, determine, and decree that the failure of East Philadelphia Furniture to fully honor the Internal Revenue Service levy served upon it with respect to the unpaid trust fund recovery penalties assessed against Reddington was without reasonable cause;

      D.      Also as to Count II, enter judgment in favor of the United States and against East Philadelphia Furniture in the amount of $16,400.39, plus statutory interest according to law, for the 50% penalty imposed by 26 U.S.C. § 6332(d)(2);

      E.      Award the United States its attorney's fees and costs incurred in prosecuting this action; and

      F.      Grant the United States such other relief as may be just and proper.

Dated: June 20, 2018

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

_/s/ Matthew B. Miller_
MATTHEW B. MILLER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-616-3448 (v)
202-514-6866 (f)
Matthew.B.Miller@usdoj.gov
D.C. Bar No. 1034558

Form 668-W(ICS)  
(January 2015)

Department of the Treasury – Internal Revenue Service

# Notice of Levy on Wages, Salary, and Other Income

| | |
|---|---|
| DATE: 01/24/2017 | TELEPHONE NUMBER |
| REPLY TO: Internal Revenue Service<br>RITA R DALTON<br>200 LAKESIDE DR SUITE 220<br>HORSHAM, PA 19044 | OF IRS OFFICE: (215)344-6578 |

**Exhibit A**

NAME AND ADDRESS OF TAXPAYER:  
WILLIAM P REDDINGTON JR  
408 AQUEDUCT DR  
NORTH WALES, PA 19454-4513086

TO: EAST PHILADELPHIA FURNITURE  
11600 CAROLINE ROAD  
PHILADELPHIA, PA 19154

IDENTIFYING NUMBER(S): ███

**REDD**

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| CIVPEN | 12/31/2005 | $153,850.12 | $51,194.44 | $205,044.56 |
| CIVPEN | 03/31/2007 | $43,181.53 | $14,205.35 | $57,386.88 |
| CIVPEN | 06/30/2007 | $24,866.24 | $13,797.14 | $38,663.38 |
| CIVPEN | 09/30/2007 | $40,752.05 | $13,420.48 | $54,172.53 |
| CIVPEN | 12/31/2007 | $39,469.32 | $13,001.84 | $52,471.16 |
| | | | Total Amount Due ⇒ | $407,738.51 |

We figured the interest and late payment penalty to **02/23/2017**

**THIS ISN'T A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.**

The Internal Revenue Code provides that there is a lien for the amount shown above. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us: (1) this taxpayer's wages and salary that have been earned but not paid, as well as wages and salary earned in the future until this levy is released, and (2) this taxpayer's other income that you have now or for which you are obligated.

We levy this money to the extent it isn't exempt, as shown in the instructions. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions.

If you don't owe money to this taxpayer, please call us at the telephone number at the top of this form. Instead of calling us you may complete the back of Part 3, attach it as a cover to the rest of this form, and return all parts to IRS in the enclosed envelope.

If you do owe money to this taxpayer, please see the back of this page for instructions on how to act on this notice.

| Signature of Service Representative | Title |
|---|---|
| /S/ RITA R DALTON | REVENUE OFFICER |

Part 6 – IRS File Copy          Catalog No. 15703I          www.irs.gov          Form **668-W(ICS)** (1-2015)

| Form **668-C** | Department of the Treasury - Internal Revenue Service | |
|---|---|---|
| (Rev. July 2005) | **Final Demand for Payment** | |
| To<br>EAST PHILADELPHIA FURNITURE<br>11600 CAROLINE ROAD<br>PHILADELPHIA, PA 19154 | **Exhibit**<br>B | Date<br>03/23/2017 |

On January 24, 2017, a notice of levy was served on EAST PHILADELPHIA FURNITURE at PHILADELPHIA, PA. The notice of levy attached property, rights to property, money, credits, and bank deposits then in your possession, to the credit of, belonging to, or owned by WILLIAM P REDDINGTON JR of NORTH WALES, PA. Identifying Number(s) ▉▉▉▉▉ When the notice was served, that person owed and still owes the United States $407,738.51. Demand was made on you for the amount shown in the notice of levy, or for any smaller amount you owed the taxpayer, but we have not received your payment. Consequently, additional interest and penalty charges have accrued in the total amount of -$1,119.85.

**Please see section 6332 of the Internal Revenue Code on the back of this form.**

Demand is again made for $408,211.80, the amount shown in the notice of levy plus the additional accruals, or for any smaller amount you owed the taxpayer when the notice of levy was served. Send us payment as explained in the instructions received on the levy within 5 days of getting this demand. If you don't pay within 5 days, we will consider you to have refused our demand and we may then enforce Code Section 6332.

If someone other than the taxpayer has a claim against this property, please complete the back of this form.

| Signature<br>RITA R DALTON  *Rita R Dalton* | Address (City and State)<br>200 LAKESIDE DR SUITE 220<br>HORSHAM, PA 19044 |
|---|---|
| Title<br>REVENUE OFFICER | Telephone Number<br>(215)344-6578 | |

**Certification of Service**

I certify that this Final Demand was served by handing a copy to:

| Name Jack McDaniel | Title Owner | |
|---|---|---|
| Place 11600 Caroline Rd. Philadelphia, PA 19154 | Date 3/23/2017 | Time 11:03 A.M. |
| Signature of revenue officer *Rita R Dalton* | | Date 3/23/2017 |

Part 1 — TDA File · www.irs.gov · Form 668-C (Rev. 7-2005)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
East Philadelphia Furniture Services, Inc.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Matthew B. Miller, U.S. Department of Justice, Tax Division, P.O. Box 227, Washington, DC 20044; (202) 616-3448

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | [X] 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
26 U.S.C. 6332(d)
Brief description of cause:
Suit for failure to honor federal tax levy

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 49,201.17
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes  [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 06/20/2018

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __U.S. Department of Justice, Tax Division, P.O. Box 227, Washington, D.C. 20044__

Address of Defendant: __11600 Caroline Road, Philadelphia, PA 19154__

Place of Accident, Incident or Transaction: __Philadelphia, PA__

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __06/20/2018__   *[signature]*   D.C. __1034558__
                       *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

A.  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
   *(Please specify):* __Failure to honor federal tax levy__

B.  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                       *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| United States of America | : | CIVIL ACTION |
| v. | : | |
| East Philadelphia Furniture Services, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 6/20/2018 | *[signature]* | United States of America |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (202) 616-3448 | (202) 514-6866 | Matthew.B.Miller@usdoj.gov |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02